# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 20-1958V

| | |
|---|---|
| HARLAN FIELD,<br><br>    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br><br>Filed: June 3, 2024 |

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Mitchell Jones*, U.S. Department of Justice, Washington, DC, for Respondent.

**RULING ON ENTITLEMENT AND DECISION AWARDING DAMAGES**[1]

   On December 23, 2020, Harlan Field filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine administered to him on October 17, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters. Because entitlement was contested, the parties were ordered to file briefs addressing whether Petitioner had established a Table claim, and setting forth their respective arguments on damages should I find entitlement in favor of

---

[1] Because this Ruling and Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner. The parties were subsequently notified that I would resolve this dispute via an expedited "Motions Day" hearing, which ultimately took place on May 31, 2024.

Petitioner argues he has established a Table claim for SIRVA pursuant to 42 C.F.R. § 100.3(c)(10) and seeks an award of $52,500.00, in compensation for Petitioner's actual pain and suffering, and $19.35 for his unreimbursable medical expenses.

Respondent disputes that Petitioner suffered the residual effects of his alleged injury for more than six months after the administration of the vaccine to satisfy the severity requirement under the Act. 42 U.S.C. § 300aa-11(c)(1)(D)(i). Respondent also disputes that Petitioner has established a Table claim for SIRVA. Specifically, Respondent argues Petitioner has failed to establish that his shoulder pain began within 48 hours of vaccine administration pursuant to 42 C.F.R. § 100.3(a)(XIV)(B). Respondent did not recommend specific number to be awarded to Petitioner for damages, instead requesting that I award a figure "consistent with awards in other cases" of a "nature that would be reasonable, fair, and appropriate." Respondent's Supplemental Brief at 8. ECF No. 49.

After listening to the arguments of both sides, I issued an oral ruling on entitlement and damages constituting my findings of fact and conclusions of law, pursuant to Section 12(d)(3)(A). An official recording of the proceeding was taken by a court reporter, although a transcript has not yet been filed in this matter. I hereby fully adopt and incorporate that oral ruling as officially recorded. And as discussed during my oral ruling, in another recent decision I discussed at length the legal standards to be considered in determining entitlement and damages and prior discussions in Sections II and III of *Friberg v. Sec'y Health & Hum. Servs.*, No. 19-1727V, 2022 WL 3152827 (Fed. Cl. Spec. Mstr. July 6, 2022) to the instant Ruling and Decision. I incorporate herein Sections II and III of the prior discussion in that decision to the instant ruling and decision. Additionally, the official recording of my oral ruling includes my discussion of various comparable cases as well as specific facts relating to Petitioner's medical history and experience that further informed my decision awarding entitlement and damages herein.

Based on my consideration of the complete record as a whole and for the reasons discussed in my oral ruling, pursuant to Section 12(d)(3)(A), I find that Petitioner has established that he satisfied the 48-hour onset requirement for SIRVA, as well as all other SIRVA Table requirements pursuant to 42 C.F.R. § 100.3(c)(10). Additionally, Petitioner has established the additional requirements of Section 11(c), *i.e.,* receipt of a covered vaccine, residual effects of injury lasting six months, etc. *See generally* § 11(c)(1)(A)(B)(D)(E). I therefore find that Petitioner is entitled to compensation in this case and that $**40,000.00,** represents a fair and appropriate amount of compensation for

Petitioner's actual pain and suffering.[3] I also find that Petitioner is entitled to $**19.35** in actual unreimbursable expenses.

**Accordingly**, **I award Petitioner a lump sum payment of $<u>40,019.35</u>, (consisting of $40,000.00 in pain and suffering and $19.35 in past unreimbursable expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Since this amount is being awarded for actual, rather than projected, pain and suffering, no reduction to net present value is required. *See* Section 15(f)(4)(A); *Childers v. Sec'y of Health & Hum. Servs.*, No. 96-0194V, 1999 WL 159844, at *1 (Fed. Cl. Spec. Mstr. Mar. 5, 1999) (citing *Youngblood v. Sec'y of Health & Hum. Servs.*, 32 F.3d 552 (Fed. Cir. 1994)).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.